## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED FINANCIAL
CASUALTY COMPANY,

                 Plaintiff

vs.

DAVID KUBOT, ANTON BEK,
MAKAR CARGON LLC, ABEK
TRANSPORTATION LLC,
ANDREI MAKARSKI, JOHN
DOES 1-10 (Fictitious Names) and
ABC CORPORATIONS 1-10
(Fictitious Names),

                 Defendants

CIVIL ACTION

Case No.

**COMPLAINT FOR
DECLARATORY JUDGMENT**

United Financial Casualty Company, by and through its undersigned counsel, by way of Complaint for Declaratory Judgment, states as follows:

## PARTIES

1.    Plaintiff, United Financial Casualty Company (hereinafter "UFCC"), is an insurance company incorporated in the State of Ohio, with a principal place of business located at 6300 Wilson Mills Rd., Mayfield Village, OH 44143. It is authorized to write insurance policies in the Commonwealth of Pennsylvania.

1

2.    Defendant, David Kubot (hereinafter "Kubot") is an adult individual whose last known address is 110 Pemberton Avenue, Apt. 110, Staten Island, New York 10308 and he has an interest in the outcome of this matter.

3.    Defendant, Anton Bek (hereinafter "Bek") is an adult individual whose last known address is 190 Hester Street, Apt. 14, New York New York 10013 and he has an interest in the outcome of this matter.

4.    Defendant, Makar Cargo LLC (hereinafter "Makar") is a business entity organized under the laws of the Commonwealth of Pennsylvania and it has a principal place of business located at 2184 Harmony Lane, Jamison, Pennsylvania 18929 and it has an interest in the outcome of this matter.

5.    Defendant, Abek Transport LLC (hereinafter "Abek") is a business which is believed to be organized under the laws of the State of New York and which has a principal place of business located at 190 Hester Street, Apt. 14, New York, New York 10013 and it has an interest in the outcome of this matter.

6.    Defendant, Andrei Makarski (hereinafter "Makarski") is an adult individual whose address is 2184 Harmony Lane, Jamison, Pennsylvania 18929, and he has an interest in the outcome of this matter.

7.    John Does 1-10 are individuals who have yet to be identified, who are diverse to the plaintiff, and who have an interest in the outcome of this litigation.

2

8. ABC Corporations 1-10 are business entities that are yet to be identified, who are diverse to the plaintiff, and who have an interest in the outcome of this litigation.

## JURSIDICTION AND VENUE

9. Jurisdiction in this matter is proper pursuant to 298 U.S. Code § 1332 in as much as there exists diversity of citizenship between the Plaintiff and the Defendants and in as much as the amount in controversy exceeds $75,000.00.

10. Venue is proper pursuant to 29 U.S. Code § 1391 in as much as a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated in the Commonwealth of Pennsylvania.

## FACTUAL ALLEGATIONS

11. Kubot instituted a lawsuit in the Supreme Court of the State of New York, in Kings County, Index No. 516001/2025 on May 13, 2025 ("the underlying complaint") seeking to recover damages for personal injuries he claims he sustained in a motor vehicle accident that occurred on November 6, 2024.

12. According to the underlying complaint, Kubot was operating his vehicle on 278i Eastbound Brooklyn Queens Expressway at or near its

3

intersection with Cadman Plaza West when he was involved in a collision with another vehicle.

13. Kubot claims that the other vehicle was operated by Bek and that Makar and/or Abek were the owner(s) of the vehicle Bek was driving.

14. Kubot claims he was seriously injured in the accident, which was caused by the negligence of Bek, Makar and/or Abek.

15. Kubot alleged that the vehicle operated by Bek had a license plate number AH45256.

16. The police accident investigation indicated that the vehicle operated by Bek bore Pennsylvania license plate AH45256 and that the vehicle was a certain 2020 Freightliner, VIN number ending -1172.

17. UFCC issued a commercial auto insurance policy no. 979894795 to Makarski (hereinafter "the policy"). See, Exhibit A, policy declarations which have been redacted to remove personal identifiers and impertinent information.

18. The policy had a combined single limit of coverage for non-trucking liability to others for bodily injury and property damage in the amount of $300,000.00. See, Exhibit A.

19. According to the policy declarations, the 2020 Freightliner with VIN number ending -1172 is listed on the policy but Bek is not listed as a driver. See, Exhibit A.

4

20.    Makar is listed as an additional insured on the policy.  See, Exhibit

B, a true copy of the Additional Insured Endorsement.

21.    The policy, a true copy of which is attached as "Exhibit C," provides

coverage for liability to others as follows:

> Subject to the Limits of Liability, if you pay the premium for liability coverage for the insured auto involved, we will pay damages, other than punitive or exemplary damages for bodily injury…for which an insured becomes legally responsible because of an accident arising out of the ownership maintenance or use of that insured auto.

See, Exhibit C.

22.    The policy also contains a Contingent Liability Endorsement –

Limited Liability Coverage for Non-Trucking Use of An Auto. See, Exhibit A

and Exhibit C.

23.    That endorsement states:

B. Under the Exclusions of Part I, the following exclusion is added:

> Trucking Use
> Coverage under this Part I, including our duty to defend, does not apply to an insured auto or any attached trailer while operate, maintained or used:
> a. To carry property or while such property is being loaded or unloaded form the insured auto or an attached trailer; or
> b. In any business or for any business purpose.

See, Exhibit C, Contingent Liability Endorsement.

## FIRST COUNT

24.    Plaintiff repeats the allegations contained in Paragraphs 1-23 above and incorporates same as if set forth fully herein.

25.    It is believed and therefore averred that Abek leased the vehicle from Vadzim Makarski beginning on November 6, 2024.   A copy of the lease agreement is attached as "Exhibit D."

26.    It is believed and therefore averred that Bek and/or Abek was/were using the vehicle in the furtherance of their business.

27.    It is believed and therefore averred that Bek was not using the vehicle in the furtherance of Makarski's and/or Makar's business.

28.    Because it believed and therefore averred that the vehicle was being used for and/or in the business of Bek and Abek, it is excluded from coverage under the policy issued to Makarski by application of the clear and unambiguous language of the contingent liability endorsement.  See, Exhibit D.

29.    Consequently, Plaintiff seeks a declaration that it is not obligated to provide a defense and/or indemnity for the losses and damages alleged by Kubot in the underlying complaint.

30.    There is an actual case and controversy among the parties as to the nature and extent of their respective rights and obligations under the policy.

31. A declaration of the parties' respective rights will settle and afford relief from uncertainty and insecurity with respect to rights, status and other legal relations with respect to the coverage afforded by the policy.

WHEREFORE, Plaintiff, United Financial Casualty Company, demands judgment, pursuant to 42 Pa. C.S.A. § 7531, et seq., and pursuant to 29 U.S.C. § 2201, declaring that:

A) At the time of the alleged accident on November 6, 2024, the vehicle being driven by Defendant, Anton Bek, to wit, a certain 2020 Freightliner, VIN # ending -1172, was not being used for any business purpose of Defendants, Andrei Makarski and/or Makar Cargo LLC; and

B) In fact, at the time of the alleged accident on November 6, 2024, the vehicle being driven by Defendant, Anton Bek, to wit, a certain 2020 Freightliner, VIN # ending – 1172, was being operated in the course and scope of the business of Defendants, Anton Bek and/or Abek Transportation LLC: and

C) The vehicle being driven by Defendant, Anton Bek, to wit a certain 2020 Freightliner, VIN # ending -1172, while listed on the commercial auto policy no. 979894795 issued by Plaintiff, United Financial Casualty Company, to Defendant Andrei Makarski, is excluded from

7

coverage based on the clear and unambiguous language of the Contingent Liability Endorsement – Limited Liability Coverage for Non-Trucking Use of An Auto attached to the policy; and

D) Plaintiff, United Financial Casualty Company, is not required to defend and/or to indemnify anyone for the losses and injuries alleged by Defendant, David Kubot, as stemming from the accident which occurred on November 6, 2024; and

E) Plaintiff, United Financial Casualty Company, is entitled to such other and further relief as the Court may deem just and appropriate including but not limited to attorneys' fees and costs of suit.

Respectfully,

**CIPRIANI & WERNER, P.C**

By: *s/ Patricia A. Holden*
Patricia A. Holden, Esq. (Bar #53687)
155 Gaither Drive, Suite B
Mt. Laurel, NJ 08054
pholden@c-wlaw.com
856-761-3800

Dated: June 30, 2026